UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**GREENES ENERGY GROUP L L C**              CASE NO.  6:22-CV-02012

**VERSUS**                                  JUDGE ROBERT R. SUMMERHAYS

**WESTCHESTER SURPLUS LINES INSURANCE CO**  MAGISTRATE JUDGE DAVID J. AYO

## REPORT AND RECOMMENDATION

Before this Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant insurer Westchester Surplus Lines Insurance Company ("Westchester").  (Rec. Doc. 16).  Also before this Court is a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 filed by plaintiff Greene's Energy Group, LLC ("GEG").  (Rec. Doc. 20).[1]  Both motions are opposed and fully briefed. (Rec. Docs. 20, 26, 29).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Westchester's motion to dismiss be DENIED and GEG's motion for partial summary judgment be GRANTED as further specified herein.

## Factual Background

Westchester issued a Capital Portfolio Company Insurance Policy ("Policy") in favor of GEG for the period of June 30, 2019 through June 30, 2020.[2]  The Policy included provisions for Management and Company Liability coverage, insuring "Company Loss arising from a Claim first

---

[1]   GEG's motion for partial summary judgment was combined with its opposition to Westchester's motion to dismiss.
[2]   Policy No.  G27615429 004 as Rec. Doc. 1-2 at p. 4.

made against the Company during the Policy Period or, if applicable, the Extended Reporting Period, and reported to the Insurer pursuant to the terms of this Policy, for a Wrongful Act." (Policy at I.A.(3)).

In 2016 GEG entered into a transaction with Cypress Pipeline and Process Services, LLP ("Cypress"), wherein it sold certain assets, including its Pumping Services & Rentals business, its Water Treatment Services business, and its Facilities business. (Complaint at ¶¶ 19-20). On August 16, 2019, Cypress filed suit against GEG, asserting claims based on fraud and fraudulent inducement, civil conspiracy, negligent misrepresentation, breach of contract, and general negligence. (Rec. Doc. 1-5). Cypress's suit, styled as *Cypress Pipeline and Process Services LLC v. Greene's Energy Group LLC*, No. 2019-57098, was tried in the 189th Judicial District Court, Harris County, Texas. Cypress' claims in the Texas suit centered on its allegation that GEG failed to disclose knowledge it had that certain Facilities business employees were leaving the company, resulting in a diminution of the value of that asset.

After a bench trial, the Texas court issued its Findings of Fact and Conclusions of Law and subsequently its Amended Findings of Fact and Conclusions of Law. (Rec. Doc. 1-6). In its Amended Findings of Fact and Conclusions of Law, the Texas court found that GEG's failure to disclose what it knew about the Facilities business constituted a breach of the asset purchase agreement and found that such conduct alternatively constituted a negligent misrepresentation under Texas law. (*Id.*). The Court also found GEG's failure to disclose what it knew about the Facilities business alternatively constituted fraud and fraudulently induced Cypress to enter into the asset purchase agreement. Based on its Amended Findings of Fact and Conclusions of Law, the court also entered a Final Judgment dated November 24, 2021. (Rec. Doc. 1-7). In its Final Judgment, the Texas court awarded Cypress $500,000 in actual damages, $77,534.25 in

prejudgment interest thereon, $500,000 in attorneys' fees, $50,263 in reasonable disbursements and court costs, prospective attorneys' fees in the event of appeal, and post-judgment interest until satisfaction of judgment. (*Id.*). The Texas court stated that its award was "based on Plaintiff's breach of contract recovery as opposed to fraud and other theories since the breach of contract recovery is the higher damage model." (*Id.*).

GEG initiated its claim against the Policy on or about September 19, 2019, by notifying Westchester of Cypress' suit. (Complaint at ¶ 39). Westchester acknowledged GEG's claim by letter dated October 21, 2019. (Rec. Doc. 1-8). Westchester's October 21 letter outlined the coverage limits of the policy and what information it required regarding retention of defense counsel. Importantly, Westchester's letter also outlined "Potential Coverage Issues[,]" pointing out, *inter alia*, the Policy's contractual and fraud exclusions. (*Id.* at p. 3). By correspondence dated April 15, 2021, Westchester acknowledged Cypress' Second Amended Complaint in the Texas suit and, based on its evaluation of same, provided an updated coverage position statement, advising again of potential coverage issues as to the contractual and fraud exclusions in the Policy. (Rec. Doc. 1-9).

On December 10, 2021, GEG provided Westchester with a copy of the Texas court's Amended Findings of Fact and Conclusions of Law and asked that Westchester contribute $730,177.90 toward the overall damage award of $1,127,797.25. (Rec. Doc. 1-10). In that letter, GEG cited the Policy's contractual exclusion language but argued that "there is liability that would (and has) attached in the absence of any contact or agreement, the Plaintiff asserted separate and distinct negligent misrepresentation claims for which the Court found in favor of Plaintiff…Accordingly, the breach of contract exclusion in the Policy does not apply." (*Id.* at p. 3).

Through counsel, Westchester responded to GEG's request for contribution by letter of December 17, 2021. (Rec. Doc. 1-11). Westchester's counsel denied coverage for any of the damages awarded to Cypress on the basis of the contractual exclusion and noting the Texas court's Final Judgment language in support thereof. (*Id.*).

GEG filed the instant suit on July 7, 2022, asserting a breach of contract claim against Westchester based on the Policy. (Rec. Doc. 1, generally). Westchester filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in response to which GEG filed its motion for partial summary judgment pursuant to Fed. R. Civ. P. 56. (Rec. Docs. 16, 20). Both motions are fully briefed and properly before this Court for consideration. The parties' arguments are addressed in turn.

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is

entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

    The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

    If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

I.  **Interpretation of the Policy**

The Court's jurisdiction over this suit arises under 28 U.S.C. 1332, as it is a dispute between citizens of differing states[3] and concerns an amount in controversy greater than $75,000. (Complaint at ¶¶ 5-8). A court sitting in diversity applies substantive law of the forum state and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, this Court applies Louisiana's choice-of-law provisions to determine what state's substantive law will be applied to interpretation of the Policy in this case. *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014). Considering the *Erie* doctrine, this Court's obligation is to determine how the Texas Supreme Court might decide the issues presented in this case. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593 (5th Cir. 2011) (citing *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, LLC*, 620 F.3d 558, 564 (5th Cir. 2010).

Louisiana law provides that interpretation of insurance contracts is governed by the law of the state where the policy was issued and executed. La. Civ. C. Art. 3537; *Am. Elec. Power Co. Inc. v. Affiliated FM Ins. Co.*, 556 F.3d 282 (5th Cir. 2009). An exception exists where the law of the state of issuance and that of the forum state do not conflict. *Aggreko, LLC v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 687 (5th Cir. 2019). In this case, it is undisputed that the Policy was issued and executed in the State of Texas and, therefore, Texas law applies to its interpretation.

Interpretation of insurance policies under Texas law proceeds according to the general rules of interpretation of contracts. Words and phrases are to be given their plain and ordinary meaning. *Id.* at 688 (citing *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008)).

---

[3] GEG is a Texas limited liability company wholly owned by Greene's Holding Corp., a Delaware corporation with its principal place of business in Texas. Westchester is a Georgia corporation. (Rec. Doc. 1 at ¶¶ 3-4).

The Texas Supreme Court views the duties of defense and indemnity as separate and requires separate analysis of each according to the policy at issue. *Gilbane*, 664 F.3d at 594 (citing *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009)). Texas law applies the "eight-corners rule" in determining the scope of an insurer's duty to defend, requiring courts to define such duty according to the content of the policy and the allegations made against the insured in the underlying litigation. *Richards v. State Farm Lloyds*, 597 S.W.3d 492, 494-95 (Tex. 2020) (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009). This Court notes GEG's complaint seeks indemnity as to the underlying Texas suit, as well as statutory attorney fees and costs associated with this suit pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(B)(8). (Rec. Doc. 1 at p. 13). The Court further notes that GEG does not allege that Westchester breached its duty to defend under the Policy; in fact, GEG acknowledges that Westchester agreed to reimburse GEG for its defense costs. (Complaint at ¶ 41).

Texas law employs a burden-shifting framework to the burdens of proof which must be borne by the insured and the insurer in cases involving insurance coverage disputes. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (citing *Ulico Cas. Co. v. Allied Pilots Ass'n,*, 262 S.W.3d 773, 782 (Tex. 2008)). If the insured demonstrates coverage under the policy at issue, the burden shifts to the insurer to prove the loss falls within one or more exclusions to coverage. If the insurer proves the applicability of one or more exclusions to coverage, the burden shifts again to the insured to prove the loss falls within some exception to the exclusion which brings the loss back within the coverage of the policy. *Gilbert*, *supra* (citing *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, S.W.3d 181, 193 (Tex. App.-Houston [14th Dist.] 2003, pet. denied), *Century Sur. Co. v. Hardscape Constr. Specialties, Inc.*, 578 F.3d 262, 265 (5th Cir. 2009)).

## II. The insuring agreement

GEG alleges coverage under the Policy's insuring agreement A(3), which provides:

> Insuring Agreement A: Management and Company Liability
>
> \*                              \*                              \*
>
> (3): Company Liability
> The insurer shall pay on behalf of the **Company Loss** arising from a **Claim** first made against the **Company** during the **Policy Period** or, if applicable, the **Extended Reporting Period**, and reported to the insurer pursuant to the terms of this Policy, for a **Wrongful Act**.

(Policy as Rec. Doc. 1-2 at Section I.A(3)).

The Policy defines the term "Loss" as, *inter alia*, "damages, judgments, settlements and **Defense Costs** incurred by any **Insured** on account of any **Claim**." (Policy at II.(v)). As defined in the Policy, the term "Claim" includes a

> civil, administrative, regulatory, arbitration, or mediation or other alternative dispute resolution proceeding commenced by an Insured's receipt of a summons, complaint, demand for arbitration, request for injunction, notice of charges, rule to show cause, or other similar pleading, or any foreign equivalent of the foregoing.

(Policy at II.(b)(3)).

Neither party disputes that the Texas suit constituted a Claim, resulting in a Loss, and filed during the Policy Period. Therefore, this Court finds that GEG has successfully carried its initial burden of proving coverage under the Policy, successfully shifting the burden to Westchester to prove the Loss is not subject to coverage under the Policy as a consequence of one or more applicable exclusions.

## III. The contractual exclusion and its exception

Westchester asserts a defense to coverage based on the contractual exclusion of the Policy, which excludes from coverage

> Loss…on account of any Claim for liability under any express written contract or agreement; provided that this exclusion shall not apply to…liability which would have attached in the absence of such contract or agreement.

(Policy at III.(b)(2)).

Specifically, Westchester argues that the Judgment rendered against GEG in the Texas suit awarded damages based on breach of contract and, considering the contractual exclusion of the Policy, such damages are excluded from coverage. (Rec. Doc. 16). Westchester asserts that the purchase agreement between GEG and Cypress created liability as to GEG broader than that which it would have incurred at common law based on the Texas court's express acknowledgement that recovery under breach of contract theory offered the higher damages model. (Rec. Doc. 16-1 at pp. 8-9).

The one-satisfaction rule under Texas law provides that "'[t]here can be but one recovery for one injury, and the fact that…there may be more than one theory of liability[] does not modify this rule.'" *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991)). A plaintiff advancing multiple theories of liability who does not narrow such theories by election of remedies prior to trial is entitled to judgment on the theory offering the greatest recovery as to the injury proven. *Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987).

As acknowledged by the Texas court in the underlying suit, although five alternative theories of liability were offered by Cypress, the trial court's judgment imposing liability for GEG's conduct could only be based on one such theory. In keeping with the established rule of maximum recovery, the Texas court based its judgment in favor of Cypress on breach of contract theory. In addition to statutory costs and attorney fees, Texas contract law permits recovery of benefit of the bargain damages, which contemplate placing an injured party, to the extent possible,

in the position he would have occupied had the opposing party not breached the contract between them. Tex. Civ. Prac. & Rem. Code § 38.001; *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 453-54 (5th Cir. 2001) (citing *Stewart v. Basey*, 245 S.W.2d 484, 486 (Tex. 1952)).

Although Westchester is correct that benefit of the bargain damages are not available under the common law as to, for example, negligent misrepresentation, jurisprudence does not treat these contract theory damages as an "expansion of liability" such as would prevent the application of the exception to the contractual exclusion at issue. The Court agrees with GEG that the rulings in *Ewing Constr. v. Amerisure Ins. Co.*, 420 S.W.3d 30 (Tex. 2014), *Crownover v. Mid-Continent Cas. Co.*, 772 F.3d 197 (5th Cir. 2014), and *Siplast, Inc. v. Employers Mut. Cas. Co.*, 23 F.4th 486 (5th Cir. 2022) are applicable to this matter. In each of those cases, courts considered whether contractual exclusions applied to breach of contract claims, interpreting the relevant insurance policies according to Texas law. Neither the Fifth Circuit nor the Texas Supreme Court stated or implied that the statutory costs and attorney fees or the benefit of the bargain damages available to breach of contract claims required a finding that such claims expanded liability beyond that imposed by common law. This Court agrees with the analysis of the *Ewing*/*Crownover*/*Siplast* jurisprudence, which focused on whether the obligations incurred by the insured under the contract at issue in each case exceeded the duty assigned to the insured under common law. This Court notes Westchester's objection to application of these cases based on the fact that the policies therein considered were commercial general liability ("CGL") policies, rather than company liability policies, but finds no merit in such argument. This Court notes that in each case, the contractual exclusion language of the policy at issue was substantively similar or identical to the language at issue in this case. *See Ewing*, 420 S.W.3d at 34; *Siplast*, 23 F.4th at 498; *Crownover*, 772 F.3d at 207.

In this case, Cypress' claims against GEG included breach of contract and negligent misrepresentation claims. (Rec. Doc. 1-4). This Court's review of the Texas court's Amended Findings of Fact and Conclusions of Law reveals that the Texas court found that GEG breached the asset purchase agreement between it and Cypress by failing to disclose relevant information which resulted in harm to Cypress. (Rec. Doc. 1-6 at Questions 7A and 7B). Based on its finding of breach of contract, the Texas court found Cypress was entitled to benefit of the bargain damages in the amount of $500,000, representing the difference between the asset it bargained for and the reduced value of the asset it actually received. The Texas court further found that Cypress was entitled to $88,636, representing out-of-pocket costs incurred in connection with the acquisition. (*Id.* at Question 11, noting "[t]he stated damages are the same whether found under Question 7A or…7B failure to comply or both.").

Addressing Cypress' alternative common law theory of negligent misrepresentation, the Texas court found GEG made a negligent misrepresentation upon which Cypress justifiably relied in entering into the asset purchase agreement with GEG. (*Id.* at Question 12). Regarding the finding of negligent misrepresentation, the Texas court further found that Cypress was entitled to damages in the amount of $500,000, representing the difference between the supposed and actual values of the asset at issue, and $88,636, representing economic losses. (*Id.* at Question 14). The Texas court's findings affirm that GEG's duty to disclose information material to the value to the asset it was selling existed not only as a result of the contract between GEG and Cypress, but also at common law. As argued by GEG, the scope of this duty to disclose material information also appears to be affirmed by the identical damage valuation assigned to the trial court's contract law and common law findings.

Considering the combined effect of the one-satisfaction rule and the plaintiff's entitlement to maximum recovery, Westchester's proffered arguments would also lead to absurd results. If the exclusion is construed as urged by Westchester, any claim by an insured sued for breach of contract will not be afforded coverage under policies featuring this contractual exclusion. In such an instance, any contract would represent an expansion of common law liability, without the need for comparative analysis of the contractual and common law duties involved, based on Texas' provision of statutory costs and attorney fees, as well as its provision for benefit of the bargain damages. Were this Court to adopt Westchester's logic, the exception to the exclusion would be rendered meaningless; a result that this Court must avoid under Texas law. *Tesoro Refining and Marketing Co., LLC v. Nat'l Union Fire Ins. Co.*, 833 F.3d 470, 474 (5th Cir. 2016) (citing *American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003)).

This Court also notes that, despite Westchester's vehement argument, it offers no authority for its proposition that breach of contract damages necessarily create an expansion of liability because of the availability of benefit of the bargain damages or statutory costs and attorney fees. Moreover, Westchester offers no argument or authority distinguishing GEG's contractual duty versus its duty under common law.

For the foregoing reasons, this Court finds that GEG has successfully demonstrated the exception to the contractual exclusion applies to its claim and, accordingly, that GEG's "Claim" is afforded coverage as a "Loss" by an "Insured" for which coverage exists under the Insuring Agreements of the Policy.

### IV. The fraud exclusion

Westchester further asserts a bar to coverage based on the Policy's fraud exclusion, which states:

13

> III. EXCLUSIONS
>
> (a) Regarding all Insuring Agreements, the insurer shall not pay **Loss**:
>
> (1) Of an insured on account of any **Claim** alleging, based upon, arising out of or attributable to any intentionally dishonest, deliberately fraudulent or deliberately criminal act or omission (other than an act or omission treated as a criminal violation in a foreign country that is not a criminal violation in the United States) by such **Insured**, if established by a final, non-appealable adjudication in the underlying proceeding;

(Policy at III.(a)(1)).

Westchester asserts the Texas court expressly included findings of fraud committed by GEG as part of its Amended Findings of Fact and Conclusions of Law. (Rec. Doc. 16-1 at pp. 6-8). Specifically, Westchester points to the Texas court's findings that GEG committed fraud against Cypress (Question and Answer 1A); that GEG fraudulently induced Cypress to participate in the transaction at issue in that case (Question and Answer 1B); that the damages to Cypress which may be attributed to GEG's fraudulent conduct were $588,636 (Question and Answer 5); that GEG's fraudulent conduct was the cause of harm to Cypress (Question and Answer 15B); that GEG's fraudulent conduct warranted an exemplary damage award of $250,000 (Question and Answer 16), as bases for application of the Policy's fraud exclusion. (Rec. Doc. 1-6 at pp. 2-7). Similarly, Westchester highlights the following language of the Final Judgment:

> the Court renders this Final Judgment based on Plaintiff's breach of contract recovery as opposed to fraud and other theories since the breach of contract recovery is the higher damage model.

(Rec. Doc. 1-7 at p. 1).

14

As explained above, Texas courts adhere to the one-satisfaction rule and, for that reason may only render judgment on one theory of recovery for each injury proven. Moreover, Texas courts must render such judgment based on the most lucrative theory of recovery for the plaintiff. The language of the Amended Findings of Fact and Conclusions of Law and of the Final Judgment cited by Westchester do not illustrate a "final, non-appealable adjudication" of fraud in the Texas suit but, rather, an application of the one-satisfaction and maximum recovery principles. *Pendergest-Holt v. Lloyds*, 600 F.3d 562, 567 (5th Cir. 2010); *AMS Sensors USA v. Renesas Electronics Am., Inc.*, 554 Fed. Supp. 3d 870, 876 (E.D. Tex.). As argued by GEG, the express language of the Final Judgment cited above clearly explains that the Texas court's judgment was not based on the theory of fraud but on the theory of breach of contract.

Considering the foregoing, this Court finds that Westchester has not proven the application of the fraud exception as to GEG's claim based on the underlying Texas court judgment rendered against it and in favor of Cypress. Accordingly, this Court further finds that GEG's "Claim" at issue constitutes a "Loss" by an "Insured" for which coverage attaches under the Insuring Agreements of the Policy.

V. **Breach of the Policy by Westchester**

As explained above, two separate insurer duties arise from the Policy at issue: a duty to defend and a duty to indemnify. *W. All. Ins. Co. v. N. Ins. Co. of N.Y.*, 176 F.3d 825, 829 (5th Cir. 1999) (citing *Am. All. Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 153 (Tex. App. Dallas 1990, writ dismissed). This Court's review of GEG's complaint indicates it seeks indemnification as to the Texas court judgment against it and its costs and attorney fees as to the instant suit. GEG's motion seeks judgment declaring Westchester breached its Policy by withdrawing coverage as to the Texas suit. Based on the foregoing findings, Westchester's withdrawal of coverage as to the

15

claims by Cypress against GEG in the underlying Texas suit constituted a breach of the Policy's Insuring Agreements. By letter of December 10, 2021, GEG informed Westchester of the Texas court's Amended Findings of Fact and Conclusions of Law, as well as the court's Final Judgment on Cypress' claims. (Rec. Doc. 1-10). GEG further informed Cypress of its decision to pay the judgment on or before December 20, 2021 and sought a contribution from Westchester in the amount of $730,177.90, representing $588,636 in damages, as well as $91,278.90 in prejudgment interest and $50,263 in court costs and disbursements. (*Id.*). Although Westchester is entitled as an insurer to assert all reasonable defenses to coverage based on the language of its Policy, once the Texas court's judgment became final and non-appealable, the triggering of Westchester's indemnity obligation was clear. No party appealed the November 24, 2021 Final Judgment of the Texas court and, accordingly, on December 24, 2021, such judgment became final and non-appealable pursuant to Texas law.[4]

## VI. Conclusion

For the reasons discussed herein, the Court recommends that GEG's motion for partial summary judgment (Rec. Doc. 20) be GRANTED and, accordingly, judgment be entered declaring coverage for GEG's claim against Policy No. G27615429 004 issued in its favor by defendant Westchester Surplus Lines Insurance Company, based on the underlying judgment rendered in *Cypress Pipeline and Process Services LLC v. Greene's Energy Group LLC*, No. 2019-57098. Considering the foregoing, it is further recommended that Westchester's motion to dismiss (Rec. Doc. 16) be DENIED in all respects. Noting that judgment on the issue of coverage does not

---

[4] Pursuant to Tex. R. Civ. P. 329b(h), the parties had 30 days from the date of issuance of the Amended Findings of Fact and Conclusions of Law and Final Judgment—here, November 24, 2021—to file a motion for new trial. Similarly, Tex. R. App. P. Rule 26.1(a) provides that, generally, a party must file a notice of appeal as to a trial court's ruling within 30 days unless additional time is provided because of other timely post-trial motions.

resolve all issues among the parties, it is further recommended that Plaintiff's remaining claims be preserved for further proceedings consistent with this Report and Recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 4th day of April, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**