UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GREENE'S ENERGY GROUP, LLC** | **CASE NO. 6:22-CV-02012** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | **MAGISTRATE JUDGE DAVID J. AYO** |

## RULING

Before the Court are a "Motion for Summary Judgment on Damages" filed by Plaintiff Greene's Energy Group, LLC ("Greene's") [ECF No. 37] and a Motion for Partial Summary Judgment filed by Defendant Westchester Surplus Lines Insurance Company ("Westchester") [ECF No. 39]. For the reasons that follow, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

### I.
### BACKGROUND

The facts of this case were previously set forth in a Report and Recommendation adopted by the undersigned.[1] As relevant to the pending motions, Greene's was insured by Westchester under a policy which provided coverage for Management and Company Liability. In 2019, Greene's was sued in Texas state court by Cypress Pipeline and Process Services, LLP ("Cypress Pipeline"), for claims arising out of the sale of certain assets of Greene's to Cypress. On November 24, 2021, following a bench trial, the Texas court entered judgment against Greene's in the amount of $1,127,797.25. The total award is

---
[1] ECF Nos. 30, 36.

inclusive of $500,000.00 for Greene's breach of contract; $500,000.00 in attorneys' fees incurred by Cypress; $77,534.25 in prejudgment interest; and $50,263.00 for disbursements and court costs. Thereafter, Greene's sought indemnification from Westchester in accordance with the insurance policy. Westchester denied coverage. On July 7, 2022, Greene's filed suit against Westchester in this Court for breach of the insurance policy. On September 7, 2023, the Court entered a partial judgment for Greene's finding coverage was owed to Greene's under the terms of the insurance policy.[2]

Greene's now moves for summary judgment on damages and seeks an award of $1,127,797.25 (the amount of the Texas state court judgment) in accordance with the terms of the insurance policy. In a combined opposition and cross-motion for partial summary judgment, Westchester argues the policy "only provides coverage for *reasonable* attorneys' fees awarded pursuant to a covered loss," and Greene's cannot show the $500,000 awarded in attorneys' fees is reasonable because "the attorneys' fee award in the Underlying Lawsuit was not permitted under Texas law."[3] Alternatively, Westchester argues that because Greene's has not provided any evidence that the attorneys' fee award is reasonable, it has failed to carry its burden on summary judgment. Westchester therefore "seeks summary judgment dismissing the portion of Greene's Energy's indemnity claim related to the $500,000 attorney fee award in the Underling Lawsuit."[4]

---

[2] ECF No. 36.
[3] ECF No. 39 at 2.
[4] *Id.*

## II.
## LEGAL STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[5] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[7]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[8] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[9] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the

---

[5] FED. R. CIV. P. 56(a).
[6] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[7] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[8] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).
[9] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).

like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[10]

### III.
### ANALYSIS

**A.  Whether the attorneys' fee award violated Texas statutory law.**

Westchester contends attorneys' fees were awarded pursuant to Texas Civil Practice & Remedies Code § 38.001, which in its current form provides, "A person may recover reasonable attorney's fees from an individual or organization . . ., in addition to the amount of a valid claim and costs, if the claim is for: . . . an oral or written contract."[11] According to Westchester, during the relevant time period, the statute only permitted recovery of attorney fees from "an individual or corporation," and Greene's is a limited liability company.[12] Accordingly, Westchester asserts the award of $500,000 for attorney's fees was contrary to Texas law and was therefore unreasonable.[13]

On August 31, 2020, in response to a motion for partial summary judgment filed by Greene's, the Texas court dismissed Cypress Pipeline's claim for attorneys' fees brought pursuant to Texas Civil Practice & Remedies Code § 38.001 due to Cypress Pipeline's status as a limited liability company.[14] Further, the record evidence appears to show that the Texas court awarded attorney's fees pursuant to the underlying Asset Purchase

---

[10] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[11] Tex. Civ. Prac. & Rem. § 38.001 (West 2024).
[12] ECF No. 39-2 at 6.
[13] *Id.* at 8-9.
[14] ECF No. 41-2 at 2 ("Defendant's motion for partial summary judgment as to the recovery of attorney's fees by an LLC is GRANTED based on current pleadings."); *see also* ECF No. 41-3 at 1, 6-7.

Agreement.[15] As Westchester has not shown that attorneys' fees were awarded pursuant to Texas Civil Practice & Remedies Code § 38.001, this argument fails.

**B.     Whether there are factual issues regarding the reasonableness of the attorneys' fee award which preclude summary judgment.**

Westchester argues in the alternative that "Greene's Energy has not met its burden of establishing that the attorneys' fee award, or the amount of the award, in the Underlying Lawsuit was reasonable, as required for that portion of the judgment to be covered under the Westchester Policy," thereby precluding summary judgment in Greene's favor.[16] Pursuant to Texas law, "[a]n insurer in a coverage case will be barred from re-litigating a particular issue from the underlying liability case if: (1) the issue raised in the coverage suit was raised and determined in the liability suit; (2) the issue determined in the liability suit was essential to the judgment in the liability suit; and (3) the necessary requirement of privity exists between the insurer and the insured."[17] Westchester raises no argument that any of the forgoing elements are absent in this case. Further, the Court finds that the reasonableness of the amount of attorney's fees incurred by Cypress was raised and determined in the Texas state court suit,[18] the Texas court's finding in this regard was

---

[15] *See* ECF No. 1-7 at 2; ECF No. 41-4 at 3, 9; ECF No. 41-5 at 1; ECF No. 41-6; ECF No. 41-7.
[16] ECF No. 39-2 at 9.
[17] *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 110 (5th Cir. 2010) (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 802 (Tex. 1992); *Columbia Mut. Ins. Co. v. Fiesta Mart, Inc.*, 987 F.2d 1124, 1127 (5th Cir. 1993)).
[18] *See e.g.* ECF No. 41-6; ECF No. 41-7; ECF No. 1-7 at 2.

essential to the judgment rendered,[19] and privity existed between Greene's and Westchester.[20] Accordingly, this argument fails.

## IV.
### CONCLUSION

For the reasons set forth in this Ruling, the Motion for Summary Judgment filed by Plaintiff Greene's Energy Group, LLC [ECF No. 37] is GRANTED, and Plaintiff is awarded $1,127,797.25 in damages—*i.e.*, the amount of the judgment entered against Plaintiff in the lawsuit styled *Cypress Pipeline and Process Services, LLC v. Greene's Energy Group LLC, et al.*, No. 2019-57098, filed in the 189th Judicial District Court of Harris County, Texas; the Motion for Partial Summary Judgment filed by Defendant Westchester Surplus Lines Insurance Company [ECF No. 39] is DENIED.

The Court retains jurisdiction over this matter for a determination of prejudgment interest, attorneys' fees, and costs.

THUS DONE in Chambers on this 17th day of April, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[19] *Compare* ECF No. 41-5 at 3 (Cypress requested "$1,533,407.50 in attorney's fees"), *with* ECF No. 1-7 at 2 (The Texas state court awarded "[r]easonable and necessary attorney's fees in the amount of $500,000 against Greene's").

[20] *Bay Rock* at 111 ("The requisite degree of privity between an insurer and its insured can exist if: (1) the insurer controlled the insured's defense in the liability suit; and (2) the insurer and the insured do not hold conflicting positions with respect to the issue determined in the liability suit."). Westchester defended Greene's in the underlying suit and there is no argument that Greene's and Westchester hold conflicting positions on this issue.